CHARLES LAWREY, Respondent, *v.* WALKER D. HINES, Director-General of Railroads, Operating SOUTHERN PACIFIC STEAMSHIP COMPANY, Appellant.

Railroads — negligence — process — service of summons upon representative of federal agent designated to accept service in action against railway company — action not commenced until after end of federal control not maintainable against director-general in office at time of accident — when summons may be properly amended so as to substitute name of proper defendant.

1. An action to recover for personal injuries alleged to have been sustained by plaintiff through the negligent operation of a steamship, under the control of the defendant, as director-general of railroads,

may not be maintained against said defendant where the action was not commenced until after federal control was ended.

2. Where, however, it may be fairly inferred that the officer of the corporation owning the steamship to whom the summons was delivered was the duly authorized representative of the federal agent, empowered to accept delivery in the latter's behalf (the federal agent having superseded the director-general), an order amending the summons by substituting the name of the proper defendant may properly be granted if requested. (*Hungerford Brass & Copper Co. v. Hines,* 236 N. Y. 528, followed.)

*Lawrey* v. *Hines,* 206 App. Div. 612, reversed.

(Argued October 1, 1923; decided December 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 16, 1923, which affirmed an order of Special Term denying a motion for a dismissal of the complaint.

The following questions were certified:

" 1. Can this action, which was commenced on or about the 3d day of June, 1920, after the termination of federal control of the transportation systems of the United States, to recover damages for a cause of action arising out of and during federal control wherein the defendant in the title of said action was described as " Walker D. Hines, Director-General of Railroads, operating Southern Pacific Steamship Company," and services of summons and complaint having been duly effected, upon the person designated for service of summons in action against the United States arising out of federal control, be maintained against the United States?

" 2. The defendant having appeared and answered the complaint herein and having failed to demur to the defect in the description of the party defendant, and the defect appearing on the face of the pleadings, is the defendant estopped from now raising that question? "

*J. Ard Haughwout* for appellant. The action purported to be an action against the government and as such it

purported to be brought against the wrong representative of the government. (*Railroad* v. *Ault*, 256 U. S. 554; *Sandoval* v. *Davis*, 288 Fed. Rep. 56; *United States* v. *Clarke*, 8 Pet. 436; *DeSimone* v. *Transportes Maritimos Do Estado*, 200 App. Div. 82; *Hudson* v. *Davis*, 289 Fed. Rep. 943; *Stanley* v. *Schwalby*, 162 U. S. 255; *Treat* v. *Farmers Loan & Trust Co.*, 185 Fed. Rep. 760; *Central Union* v. *Treat*, 171 Fed. Rep. 301; *Hoffeld* v. *United States*, 36 Ct. of Cl. Rep. 230; *Eberhart* v. *United States*, 204 Fed. Rep. 884; *Whalen P. & P. Mills* v. *Davis*, 288 Fed. Rep. 438.) Even if the suit had purported to be brought against the right representative of the government it purported to be brought against Walker D. Hines who was not at that time acting as such representative. (*Davidson* v. *Payne*, 289 Fed. Rep. 69.) The defendant is not estopped by the fact that it appeared and answered and did not demur. (*Stage* v. *M. C. R. R. Co.*, 199 App. Div. 675; *Klippel* v. *Weil*, 204 App. Div. 323.)

*Joseph Banner* for respondent. This action is against the United States and not against an officer of the government. (*Missouri P. R. R. Co.* v. *Ault*, 256 U. S. 554; *Western Union T. Co.* v. *Poston*, 256 U. S. 662; *Northern Pacific R. R.* v. *N. Dakota*, 250 U. S. 135; *Standard* v. *Davis*, 278 Fed. Rep. 968; *Hines* v. *Dahn*, 267 Fed. Rep. 105.) The defect, if any, in describing the defendant has been waived. (*De Puy* v. *Strong*, 37 N. Y. 372; *Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348; *Hotopp* v. *Huber*, 160 N. Y. 524; *Parmele Co.* v. *Haas*, 171 N. Y. 582; *People ex rel. Bacon* v. *Northern C. Ry. Co.*, 164 N. Y. 289; *Hawks* v. *Mapes-Reeve Cons. Co.*, 82 App. Div. 72; *Rosenweig* v. *Hines*, 285 Fed. Rep. 622.)

Cardozo, J. I think it is fairly to be inferred, both from what the defendant says and from what he omits to

say, that the officer of the corporation to whom the summons was delivered was the duly authorized representative of the federal agent, empowered to accept delivery of the summons in the latter's behalf. No point is urged to the contrary. The failure to make the objection is persuasive that the facts do not justify the making.

In these circumstances our decision in *Hungerford Brass & Copper Co.* v. *Hines* (236 N. Y. 528) would be authority for an order amending the summons if such an order had been requested. The difficulty is that the plaintiff has not asked for an amendment, but is content with the action as he has brought it. He stands upon his right to charge Walker D. Hines with liability for injuries suffered during the period when Mr. Hines was director-general of railroads, though action was not brought till federal control was ended. The right does not exist.

The order of the Appellate Division and that of the Special Term should be reversed with costs in all courts, and the motion for judgment dismissing the complaint with costs granted, unless within thirty days and on payment of said costs the Special Term permits an amendment of the summons by substituting the name of the proper defendant.

HOGAN, J. (dissenting in part). This action was commenced June 3, 1920, and issue was joined by the service of an answer on June 23, 1920. The complaint alleges that at the times mentioned therein the defendant Walker D. Hines was the duly appointed director-general of railroads and as such operated and controlled the Southern Pacific Steamship Line and in carrying on said business operated a steamer, *Ledae.* That on December 4, 1919, while plaintiff was in defendant's employ as a longshoreman, by reason of the negligence of the servants of defend-

12

ant, an accident occurred whereby plaintiff sustained personal injuries resulting in damages which were sought to be recovered. An answer was served wherein each and every allegation of the complaint was denied. The complaint upon its face states facts sufficient to constitute a cause of action, but in view of the denials contained in the answer the burden of establishing the facts alleged by plaintiff would rest upon him.

The case being upon the calendar for the October term, 1922, and marked " reserved generally," defendant upon the summons, complaint, answer and an affidavit setting forth the nature of the action; that Walker D. Hines at the time of the commencement of the same was not director-general of railroads operating the Southern Pacific Steamship Company or any other company, nor was the president of the United States in control of the railroads of the United States or any of them; followed by excerpts from the Transportation Act of 1920 and the action taken thereunder disclosing that on and after the 18th day of May, 1920 (a date prior to the commencement of this action), Walker D. Hines was not director-general or agent, but had been superseded by John Barton Payne, by designation of the president; that the summons and complaint was not served personally upon Walker D. Hines but was served upon Hugh Neill, secretary of the Southern Pacific Company, who was not at that time authorized to accept service of process for defendant Walker D. Hines in any capacity whatever, obtained an order to show cause why an order should not be made dismissing the action.

A hearing upon the order to show cause was had at Special Term. Plaintiff did not furnish any affidavit in reply to the moving party affidavit but rested his opposition on the papers upon which the order to show cause had been granted. The justice in a memorandum held that notwithstanding the summons was not personally served on Walker D. Hines but upon one who,

for aught that appears may well have been a proper person upon whom service of the summons could be made in accordance with subdivision (b) of section 206 of the Transportation Act, and the action being one against the United States, warranted a conclusion that the answer was intended as the answer of the real party in interest, namely, the United States, and held that the interests of justice required that the entire matter be reserved until the trial at which time it can be disposed of and thereupon made an order denying the motion.

The Federal Control Act approved March 21, 1918 (40 U. S. Stat. at Large 451, section 10), provided that actions at law might be brought by and against carriers while under federal control and judgment rendered as now provided by law; and in any action at law against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. That act doubtless permitted an action against the carrier by name.

On October 28, 1918, General Order No. 50 was promulgated. The preamble of that order recited that actions were being brought and judgments rendered against carrier corporations based on causes of action arising during federal control for which such carrier corporations are not responsible, and such actions should be brought against the director-general of railroads. " It is therefore ordered that actions at law * * * brought in any court based on * * * claims for death or injury to persons since December 31, 1917 arising out of Federal control which action * * * but for Federal control might have been brought against the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise."

February 28, 1920, the Transportation Act, as amended (41 U. S. Stat. at Large, § 456), was approved. That act provided (Sec. 200[a]) that federal control should terminate at 12.01 A. M., March 1, 1920, at

which time the president should relinquish possession and control of all railroads and systems of transportation then under federal control and cease the use and operation thereof or supervision of the carriers operating them or the business or affairs of such carriers. (B, subd. 2.) Section 206a provided that actions at law based on causes of action arising out of the use or possession or operation by the president of the railroad or system of transportation of any carrier, of such character as prior to federal control could have been brought against such carrier, may after the termination of federal control be brought against an agent designated by the president within thirty days after the passage of the act, but not later than two years from the date of the passage of the act (Feb. 28th, 1922).

Section 206(b), relating to service of process, provided: " Process may be served upon any agent or officer of the carrier operating such railroad * * * if such agent or officer is authorized by law to be served with 'process in proceedings brought against such carrier *and* if a contract has been made with such carrier by or through the president, for the conduct of litigation arising out of operation during federal control. If no such contract has been made, process may be served upon such agents or officers as may be designated by or through the president. The agent designated by the president under subdivision (a) shall cause to be filed, upon the termination of federal control, in the office of the clerk of each District Court of the United States, a statement naming all carriers with whom he has contracted for the conduct of litigation arising out of operation during federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings, arising in respect to railroads, or systems of transportation with the owner of which no such contract has been made; and such statement shall be supplemented from time to time, if additional contracts

are made or other agents or officers appointed." Subdivision (d), "Actions, * * * of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the president under subdivision (a)."

The federal government in thus assuming liability to respond in damages in an action at the suit of an individual sustaining personal injuries, attached, as it was authorized so to do, certain requirements and limitations deemed by it practical and essential for its protection. Compliance with such requirements was a condition precedent to the maintenance of an action in effect against the federal government. Did the plaintiff comply with the conditions imposed? The alleged injuries to plaintiff for which a recovery is sought were the result of an accident which occurred December 4, 1919. An action to recover for the same at that time and down to 12.01 A. M. March 1, 1920, could be brought against William G. McAdoo, director-general of railroads, and not otherwise, as promulgated under General Order No. 50. Federal control having terminated March 1, 1920, the action was then required to be brought against an agent to be designated by the president within thirty days after the passage of the Transportation Act of 1920 which was approved February 28, 1920, but not later than two years from that date.

The Congress, however, was cognizant of the scope and importance of legislation relating to federal control of systems of transportations as well as numerous problems likely to grow out of the same, not only during federal control but upon a termination of the same. The president assumed control of all systems of transportation at noon, December 28, 1917, pursuant to the power granted him by Congress approved August 29, 1916. Congress thereafter enacted the Federal Control Act of 1918, chapter 25, heretofore referred to. That act provided

an appropriation of five hundred million dollars which together with any funds available from any operating income of each carrier line was to be used as a revolving fund to pay expenses of federal control, provide equipment, etc. The fund thus provided for was continued and embraced in the Transportation Act of 1920. Subdivision (e) of section 206 provided that the amount of any judgment recovered in an action against the agent of the president pursuant to subdivision (a) shall be paid out of the revolving fund. Subdivision (g) inhibited the levy by execution under any judgment upon the property of the carrier and by section 210 of the act the sum of three hundred million dollars was appropriated to the revolving fund.

The extent of assumption by the federal government of the numerous systems of transportation in this country, the vast amount of money necessary to maintenance and operation of the same, and the appropriation of eight hundred million dollars made by the Congress in aid thereof necessarily required that the Congress in no uncertain language should provide the manner in which action of the nature of the one at bar should be maintained, the officers or agent of the government to be named as party defendant therein, and the manner of service of process upon such officer or agent. The federal government was in effect to be the defendant in such actions. Numerous accidents during federal control were likely to occur in every state giving rise to litigation, aside from numerous other claims. Uniformity of procedure was essential, and the Congress provided for the same. That no unreasonable requirement upon suitors or prospective suitors was imposed by the Transportation Act is illustrated in this case. The action was commenced June 23, 1920. The statutory time within which the same might have been commenced under the Transportation Law would not expire until February 28, 1922. Twenty months remained before the cause of action would be

barred, which afforded ample opportunity for investigation.

If as stated in the affidavit, made a part of the motion papers on behalf of defendant on March 11, 1920, the president duly appointed Walker D. Hines, director-general of railroads, and his successor in office as the agent provided for in section 206 of the Transportation Act approved February 28, 1920, that Walker D. Hines resigned such position and on May 18, 1920, John Barton Payne was designated director-general of railroads, and his successor as the agent provided for in section 206 of said act approved February 28, 1920, such facts being a matter of public record were available to plaintiff and his attorney.

The provision in General Order No. 50 that an action which " but for federal control might have been brought against a carrier company shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise " was modified by the amendment to the Transportation Act of 1920 in so far at least as service of process was concerned. Subdivision (b) of that act permitted service of process on an officer of the carrier operating a system of transportation if such officer is authorized by law to be served with process against such carrier, *and* if a contract has been made with such carrier by or through the president for the conduct of litigation arising out of federal control, and in the absence of such contract, process was to be served upon such agents as may be designated by the president. The act also required the agent designated by the president as the officer against whom such action might be brought (section 206[a]) to file a statement naming all carriers with whom he had contracted for the conduct of litigations rising out of federal control and a like statement designating the agents or officers upon whom process may be served where no contracts had been made. The record in this case is barren of any action taken under

**184**          LAWREY v. HINES.

that provision of the act. Statements relating to the same are contained in the briefs of respondent and answered in the brief of appellant. Such references must be disregarded.

In *Weil* v. *N. Y. C. R. R. Co.* (235 N. Y. 570) we held that service of a summons upon a cause of action arising during federal control (as did the action at bar) upon a person designated by section 206(b) of the Transportation Act of 1920 as a person to be served with process in such actions, in which summons the carrier and not the agent designated by the president is named as defendant, did not constitute the bringing of an action against said agent or his principal, *i. e.*, the agent appointed by the president under the Transportation Act of 1920.

In *Fischer* v. *Wabash Railway Co.* (235 N. Y. 568), decided with the *Weil* case, where some additional questions were presented, the decision in the *Weil* case was followed and we also held that a motion made by plaintiff for leave to substitute James C. Davis, director-general of railroads, as defendant in place of the defendant carrier and to amend the summons, complaint and proceedings so as to set forth as defendant James C. Davis, director-general of railroads, and to serve an amended summons and complaint should not be granted.

Again in *Dubied & Co.* v. *Pennsylvania R. R. Co.* (235 N. Y. 572), decided with the two cases mentioned, we held the same propositions stated in the cases referred to and also that the relation between the director-general and the carrier was not such that the carrier was merely the successor of the director-general, the appearance of whom was necessarily on behalf of the director-general as well as of itself.

In *Hungerford B. & C. Co.* v. *Hines*, (236 N. Y. 528) the summons and complaint was served on one Hall, the designated agent of a foreign railroad company, and authorized by James C. Davis, the agent designated by the president under section 206(a), Transportation Act

of 1920, to accept service of process. We held that service having been made upon the agent authorized by James C. Davis, the agent designated by the president to accept service, a motion made to amend the process to read U. T. Hungerford Brass & Copper Company against James C. Davis, Director-General of Railroads, as agent under section 206 of the Transportation Act of 1920, should be granted.

That case is clearly distinguishable from the case at bar. In the *Hungerford* case the process was actually served on the agent designated to accept service by the agent appointed by the president, after Walker D. Hines had ceased to be director-general-agent, and service so made was service upon the agent appointed by the president and thus a compliance with the Transportation Act. Describing the director-general-agent as "Walker D. Hines" was, therefore, a misnomer. Jurisdiction of the agent designated by the president having been perfected. the name of such agent might properly be substituted. In the present case as disclosed in the record, service was made upon an individual, who was not an agent designated by the director-general-agent to accept service of process and who had no authority to accept service of any process in an action against the agent appointed by the president as an agent upon whom service could be made. Appearance by attorney for such person could not operate as an appearance for the director-general-agent appointed by the president.

My conclusion is that this action was maintainable only against the director-general-agent designated by the president in office; that such officer should be named as such defendant describing him director-general as agent under section 206 of the Transportation Act of 1920; that Walker D. Hines not being director-general could not as such be made defendant so as to confer jurisdiction upon the court to award judgment or any relief against the federal government and service upon

the secretary of the steamship company was not service upon the agent designated by the president. The result reached may be unfortunate for the plaintiff and relegate him to consideration by the Congress as the sole means of relief. With that question we have no concern.

The orders should be reversed and the motion to dismiss granted, with costs in all courts.

Question No. 1 not answered, as it assumes service of summons and complaint *was duly effected* upon the person designated for service.

Question No. 2 answered in the negative.

HISCOCK, Ch. J., POUND, CRANE and ANDREWS, JJ., concur with CARDOZO, J.; HOGAN, J., dissents from allowance of amendment in opinion in which McLAUGHLIN, J., concurs.

Ordered accordingly.